IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE A. LIMON-PEÑA,

    Defendant-Petitioner,

vs.                                          Civ. No. 02-1229  MV/RHS
                                                      Cr. No. 00-1377  MV

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER comes before the Court upon Petitioner Jose A. Limon-Peña's Petition for  Motion pursuant to U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed August 16, 2002. [Doc. No. 2] and his Petition for Writ of Habeas Corpus by Persons in Federal Custody under Title 28 U.S.C. § 2241, filed June 13, 2003. [Doc. No. 7].   Petitioner, who is incarcerated  and proceeding pro se,  asserts that his plea was involuntary and that his counsel was ineffective.  The United States Magistrate Judge, having considered the arguments of the parties, the record, the relevant law and being otherwise fully advised, finds that the petitions should be denied.  Because the issues are resolved on the pleadings and the record establishes conclusively that Limon-Peña is not entitled to relief, an evidentiary hearing is not required.  28 U.S.C. §2255, <u>Trice v. Ward</u>, 196 F.3d 1151, 1159 (10th Cir. 1999), cert. denied, 531 U.S. 835 (2000).

**28 U.S.C. §2255 Petition**

2. On October 13, 2000, Petitioner signed a Waiver of Indictment and an Information was filed charging him with Possession With Intent to Distribute 100 Kilograms and More of Marijuana and Aiding and Abetting, in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(B), and 18 U.S.C. § 2. On the same date, Petitioner, with appointed counsel present, pled guilty to the Information, pursuant to a plea agreement with the United States. [Doc. 26].

3. The combined net weight of the marijuana seized from the two vehicles involved in the incident was 678 kilograms.[1] The base offense level for possession with intent to distribute at least 400 but less than 700 kilograms of marijuana is 28. In the Plea agreement, the parties stipulated that Petitioner was a "minor" participant in the criminal activity, and consequently, Petitioner was entitled to a three level reduction from his base offense level. [Doc. 27 at 4, ¶ 7b.]. The reduction resulted in an adjusted offense level of 25. His offense level was reduced by an additional three points for acceptance of responsibility for a total offense level of 22.

4. Petitioner's two previous adult convictions resulted in a criminal history category of II, which combined with the offense level of 22 yielded a guideline imprisonment range of 46-57 months of imprisonment. However, 21 § U.S.C. 841(b)(1)(B) provides for a mandatory sentence of a minimum of 60 months and a maximum of 40 years [Id. at 2, ¶ 4a ], therefore, Petitioner's recommended sentence was the statutorily determined sentence of 60 months, pursuant to the United States Sentencing Guidelines("USSG") §5g1.1(b).

---

[1] These facts are contained in the Presentence Report ("PSR") which was adopted by the Court in this case. See Duhart v Carlson, 469 F.2d 471 (10th Cir. 1972) (Court can take judicial notice of its own records).

5. On September 24, 2001, the Court issued its Judgment in a Criminal Case [Doc. No. 48], in which the United States' motion for a downward departure pursuant to USSG §5K1.1 was granted. Section 5K1.1 permits a sentencing court to depart downward from the guideline range" [u]pon motion of the government stating the Petitioner has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." Petitioner was sentenced to the lowest end of the applicable guideline imprisonment range, or 46 months, rather than the statutorily determined sentence of 60 months. The Petitioner was barred from challenging a sentence within or below the applicable guideline range by the terms of the plea agreement.

6. On August 6, 2002, Petitioner filed his petition in the Northern District of Texas, within the one year statute of limitations period imposed by the Antiterrorism and Effective Death Penalty Act on § 2255 proceedings. Petitioner's case was transferred to the District of New Mexico.

7. Limon-Peña raises the following grounds for relief: (1) his offense level was not properly calculated because he was held responsible for a greater amount of marijuana than was contained in the truck he was driving at the time of his arrest; (2) the United States promised that he would receive a 50 per cent reduction in his sentence if he testified and helped obtain the arrest of "the ring leader and his right hand helper" but he did not receive that level of reduction for his assistance; (3) he was promised a four level reduction for his role in the offense, rather than the three level reduction he received for being a minor participant; and (4) he received ineffective assistance of counsel because he was not told that he could appeal or file a §2255 motion.

**Procedural Default**

8. The government argues that Limon-Peña's claims are barred because he failed to raise them on direct appeal before bringing this petition. A §2255 motion is ordinarily not available to test the legality of matters which should have been addressed on direct appeal. United States v.Frady, 456 U.S. 152 (1982); United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994). A petitioner who fails to present an issue on direct appeal is barred from doing so in a §2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or unless he can show a fundamental miscarriage of justice will occur if his claim is not addressed. Id.

9. Limon-Peña has not challenged his guilty plea on direct appeal, and the circumstances under which a guilty plea may be attacked on collateral review are strictly limited. See Bouseley v United States, 523 U. S. 614, 621 (1998). The procedural bar does not apply, however, to claims of ineffective assistance of counsel. United States v. Galloway, 56 F.3d 1239, 1941 (10th Cir. 1995).

10. Limon-Peña's first three issues appear to be procedurally defaulted. Nevertheless, the Court has considered Petitioner's pro se status and the possibility that he is attempting to raise those issues in the context of deficient performance by his attorney. Ineffective assistance of counsel can constitute a basis for an allegation that a plea is involuntary. Tollet v. Henderson, 411 U.S. 258 (1973). Petitioner alleges as his fourth ground for relief that counsel was ineffective for failing to file a direct appeal, which can constitute a basis to excuse the procedural default. See United States v. Cox, 83 F.3d.336, 341 (10th Cir. 1996).

**Waiver**

11. The government also contends that Petitioner's claims are barred because he waived his right to challenge his sentence or the manner in which it was determined in any collateral attack. His plea agreement states that:

> [T]he Petitioner knowingly waives the right to appeal any sentence within the applicable guideline range as determined by the court after resolution of any objections by either party to the presentence report to be prepared in this case, and the Petitioner specifically agrees not to appeal the determination of the court in resolving any contested sentencing factor. In other words, the Petitioner waives the right to appeal the sentence imposed in this case except to the extent, if any, that the court may depart upwards from the applicable sentencing guideline range as determined by the court.

12. A Petitioner's knowing and voluntary waiver of his statutory right to appeal or to file a §2255 motion is generally enforceable. United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Petitioner's first three issues attack his sentence (which was below the statutory guideline range) and those arguments appear to be waived by his plea agreement. However, such a waiver does not automatically foreclose a Petitioner's right to challenge the effectiveness of counsel. United States v. Abarca, 985 F.2d 1012, 1013 (10th Cir. 1993). Because Petitioner raises ineffective assistance of counsel, his §2255 motion is not completely barred by the waiver contained in the plea agreement.

13. To the extent that the §2255 petition challenges the underlying drug quantity determination and calculation of his offense levels, Petitioner's claims appear to have been waived by the plea agreement. To the extent that these allegations address separate claims of deficient attorney performance, they could properly be considered by this Court. In any event,

liberally construing Petitioner's allegations and assuming that none of Petitioner's claims are barred by either procedural default or explicit waiver, they also fail on their merits.

**Ineffective Assistance of Counsel**

14. In order to establish ineffective assistance of counsel, Petitioner must show that his representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for his unprofessional errors, the result of the proceedings would have been different. United States v. Chavez-Marquez, 66 F.3d 259, 262 (10th Cir. 1995), (citing Strickland v. Washington, 466 U.S. 668 (1984)). In a guilty plea case, the first prong of Strickland includes counsel's informed opinion as to what plea should be entered. United States v. Carter, 130 F.3d 1432, 1442 (10th Cir. 1997). With respect to the second prong, Petitioner must show that there is a reasonable probability that, but for the deficient performance, he would not have entered a guilty plea and would have insisted on going to trial. Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir. 1989).

**First Alleged Error--Calculation of the Offense Level**

15. Limon-Peña contends that his offense level was improperly calculated because he should not have been held responsible for a greater amount of marijuana than was in the truck that he was driving at the time of his arrest. According to the PSR, prior to Petitioner's arrest, U.S. Border Patrol agents observed a white Chevrolet truck and a silver Ford Ranger back into an area known as the cattle pens east of the Santa Theresa Port of Entry. They observed individuals loading large bags into the two vehicles.

16. When the agents stopped and searched the vehicles, the Chevrolet was found to contain approximately 548 kilograms of marijuana and the Ranger, driven by Limon-Peña, was

found to contain approximately 130 kilograms of marijuana.  Petitioner stated after his arrest that the original plan was for him to drive the Ranger as a lead vehicle and that the entire load of marijuana was to be transported in the second vehicle, the Chevrolet truck.  Because the entire load would not fit into the Chevrolet,  two bags were loaded into the his vehicle.

17. Based on his admissions to the investigating agent and pursuant to Petitioner's plea of guilty for aiding and abetting, he was properly held accountable for the entire amount of marijuana seized.  18 U.S. C. § 2.   Even if Petitioner had not entered a guilty plea as an aider and abetter, he was properly sentenced  for the full weight of marijuana seized  from both vehicles under the Sentencing Guidelines.   "In determining the quantity of drugs involved for computing the base offense level, Guidelines §§ 1B1.3(a)(2) and #3D1.2(d) require consideration of all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Shorteeth, 887 F.2d 253, 255 (10th Cir. 1989).   All of the marijuana seized was part of a "common scheme or plan" and  Limon-Peña cannot show that his counsel's performance was deficient on this issue.

**Second and Third Alleged Errors--Reduction of Sentence**

18. Petitioner also argues that the Government breached the plea agreement by failing to move for a fifty percent reduction in his sentence and a four level reduction as a minor participant which was allegedly promised  to him because of his assistance in the investigation and prosecution of another person.   The plea agreement contained no reference to such a promise, and it specifically stated that there were "no representations or promises from anyone as to what sentence the Court (would) impose." [Doc. No. 27 at 5, ¶ 13].  Petitioner did receive the benefit of a §5K1.1 motion for reduction of sentence and the Court departed downward from a

mandatory statutory minimum sentence of 60 months and instead imposed a sentence of 46 months. He obtained substantial benefit as a result of the reduction. The Court finds no constitutionally deficient performance in counsel's handling of the downward departure.

**Fourth Alleged Error** - **Appeal and §2255**

19. Limon-Peña also argues that his lawyer rendered ineffective assistance of counsel by failing to file a notice of appeal and to explain the availability of collateral attack pursuant to 28 U.S.C. §2255. Because Petitioner waived his right to appeal in the plea agreement, any appeal would have been futile. Hernandez v. United States, 134 F.3d 1435, 1437. Petitioner makes no claim that he was actually innocent of the charges and his voluntary waiver of his right to appeal was part of the plea agreement which reduced his potential exposure from "not less that five years nor greater than forty years"to a term of less than four years. Limon-Peña cannot demonstrate either a deficient performance by his counsel or prejudice within the meaning of Strickland on this issue. With respect to Petitioner's contention that his attorney was ineffective due to his failure to advise Petitioner concerning habeas relief, the Court observes that Petitioner managed to timely file this §2255 action, and the Court must therefore decline to find any prejudice to Petitioner.

**28 U.S.C. 2241 Petition**

20. Section 2241 provides a vehicle for attacking the execution, not the validity, of a sentence. If Limon-Peña's application challenged his conviction or sentence on the basis of conditions relating to the execution of his sentence, Boyce v Ashcroft, 152 F.3d 911, 914 (10th Cir. 2001); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000), he would be required to pursue his claims in the jurisdiction where he is confined, Haugh v.Booker, 210 F.3d 1147, 1149

(10th Cir. 2000). Although Petitioner's § 2241 application could therefore be transferred to the Northern District of Texas under 28 U.S.C.§ 1631, this Court is "authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Id. at 1150.

21. The Court has reviewed the §2241 Petition and finds that it merely repeats the claims properly made in this venue in the §2255 Petition. ("A §2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." Id. at 1148, citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). No "execution of sentence" issues are raised in the petition which should be addressed by the Court in the jurisdiction where Petitioner is confined. The Court therefore recommends that Petitioner's §2241 petition be dismissed rather than be transferred.

**Conclusion**

22. Petitioner's allegations do not raises any serious doubt that the plea in this case was other than knowing and voluntary. The government recommended and the sentencing judge adopted a sentence at the low end of the applicable guidelines. Counsel was not ineffective for recommending acceptance of the plea bargain, for failing to appeal, or for failing to advise Petitioner to file a petition for habeas relief. Petitioner's §2241 application raises no additional issues for consideration by this Court or by the Northern District of Texas. For those reasons, the Court recommends that Mr. Limon-Peña's Motion Pursuant to §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 2 ] be DENIED, that his Petition for

Writ of Habeas Corpus by person in Federal Custody under Title 28 USC Section 2241 [Doc. No. 7] be DENIED, and that this cause be DISMISSED WITH PREJUDICE.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

 

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE